### ALLEN v HERZSTAM

Ohio Appeals, 2nd Dist, Montgomery Co

No 1210.  Decided March 23, 1934

E. H. & W. B. Turner, Dayton, and Guy. Wells, Dayton, for plaintiff in error.

Sidney G. Kusworm, Dayton, for defendant in error.

## OPINION

By BARNES, J.

The parties appear in the same order as in the trial court. In the court below the jury returned a verdict against the plaintiff on his petition and against the defendant on his cross petition.

Neither party recovered. Counsel for plaintiff filed motion for new trial, which was overruled and judgment entered in accordance with the verdict. The costs were adjudged one-half against each party.

It is from this final judgment that error is prosecuted. We have the assistance of very able and comprehensive briefs on behalf of the respective parties.

The original petition was filed February 25, 1925, and the final entry April 28, 1933.

The following will give a short narrative of facts from which it may be known the nature of the controversy and the manner in which controverted questions arise:

On or about July 1919, the defendant, Joseph Herzstam, was the owner of an addition to the City of Dayton, known as College Park Plat, afterwards amended to read Bryn Mawr Plat.

On the 24th of July, 1919, a written contract was entered into between the plaintiff and defendant by which plaintiff agreed to furnish all labor and material necessary to construct storm and sanitary sewers, curb, gutter, sidewalks, oil treated macadam roadways, grading and excavating, sodding the terraces and clearing in accordance with certain plans and specifications, for which services defendant was to pay plaintiff the sum of $20650.00.

At or about the same time a second and supplemental contract was entered into to sod the space between certain curbs and sidewalks on said plat, at a consideration of $350.00.

After the work had progressed a third oral contract was entered into, by which plaintiff agreed to saw certain trees on the plat into cord wood; to build a wall around a tree on Princeton Avenue; to regrade certain streets where gas and water mains had been installed and to remove dirt from trenches made by the installation, and for this service plaintiff was to receive what it was reasonably worth. Plaintiff, after performing the services, fixed the reasonable value of same at $769.50.

Some adjustments were made covering the service embraced in the oral contract, and same has been settled in full.

Defendant made payments as the work progressed as follows:

| | |
|---|---:|
| September 6, 1919 | $7000.00 |
| October 16, 1919 | 5000.00 |
| February 1, 1921 | 7774.00 |
| Total | $19774.00 |

Included in the above payments was a full settlement as to the services performed under the oral agreement. It is admitted by both parties that the full contract price has not been paid.

Plaintiff in his first petition claimed a balance due of $1500.00.

Defendant makes the claim that nothing further is due the plaintiff for the reason that there was a failure of substantial performance, and further that the $7774.00 payment made on February 1, 1921 was a full settlement.

Much of the difficulty in the determination of this controversy revolves around serious differences as to the nature of the action. There is no difficulty in determining that plaintiff's first petition, filed February 25, 1925, was an action on the contract in the usual form. In this petition plaintiff set forth so much of the contract as was necessary; thereafter alleged full performance; set forth the admitted payments and prayed judgment for the claimed balance due of $1500.00.

May 11, 1925 defendant filed motion asking that petition be made more definite and certain. Upon hearing this motion was sustained and leave given to file amended petition. The amended petition was filed April 21, 1927, and therein plaintiff not only complied with the order of the court to make definite and certain, but also added the further allegations in substance claiming that plaintiff and defendant had

entered into an agreement for settlement of balance due which in the amended petition was claimed to be $1362.00.

On page 3 of the amended petition we find the following:

"As a part and parcel of said compromise agreement it was agreed that the said defendant herein should be credited with the following amounts:

Credit for curb not installed on Euclid
Avenue, as set forth above .... $ 267.50
Amount to be withheld by said Joseph
Herzstam until certain parts of the
plat be repaired ............... $ 1500.00
Amount of cash paid ........... $12000.00
                                 _____
Total credits .................... $13767.50

Leaving a balance due of $7774.50, plus the $1500.00 which was retained by the said Joseph Herzstam as more particularly hereinafter set forth."

The contention is now made by plaintiff that this constituted an accord and satisfaction and thereby removed from the situation all further controversy as to substantial performance of the contract. To so hold would be to recognize a departure from an action for balance due on the contract to an action of accord and satisfaction. In view of the fact that the defendant filed answer to the amended petition, without raising the question of departure, it would be a waiver and the question could not be raised at this time, if, in fact, there is a departure.

It is our conclusion that the amended petition is still an action for balance due on the contract. There is nothing in the alleged agreement which may be construed as an accord and satisfaction, as that phrase is recognized in law.

The petition says that after the performance of the contract and supplemental contract, a dispute arose between the parties as to the value of the work performed. That after such dispute a verbal agreement was entered into by the terms of which certain credits were to be allowed and the balance of $1500.00 to be withheld temporarily. We again quote from plaintiff's petition:

"Amount to be withheld by the said Joseph Herzstam until certain parts of the plat were repaired—$1500.00."

On page 4 of the amended petition is set out, in considerable detail, the three items in dispute at the time of the alleged entering into this verbal contract.

It must be recognized that if the plaintiff had performed the contract in its entirety, he would have been entitled to immediate payment of the balance due. It was due to the fact that there was a controversy as to whether or not there had been substantial performance that the dispute arose. It is not strange that the particulars in which it was claimed that there was not substantial performance would be designated. The fact that it was agreed that payment should be delayed pending performance or the determination from physical conditions of performance in the following spring would not change the form of action from one upon the contract.

To the amended petition defendant filed answer, admitting execution of contract and payments made thereon. There was a denial of substantial performance and the answer set out in detail the particulars of this failure. By way of answer and cross petition the defendant reiterated in more detail the claimed lack of substantial performance and asked damages in the sum of $655.53. At the time of trial and before submitting the cause to the jury, the court permitted an amendment by interlineation, changing the amount to $6555.53. Counsel for defendant claim that the amount of damages set forth in the cross petition was a clerical error.

Plaintiff filed reply to the answer and cross petition of defendant, and therein set out an arbitration of the differences between the parties. If this should be permitted it would, a second time, be an attempt to depart from the action on the contract. We doubt very much if a departure can be effected through a reply.

We have no difficulty in arriving at the conclusion, through a consideration of the evidence, that there was not an arbitration as is contemplated under that term. No claim is made that there was a statutory arbitration, but it is urged that it would constitute a common law arbitration.

When we look to the evidence we find that these so-called arbitrators made no determination as to whether or not there was substantial performance in any of the particulars complained of. What they did do, according to plaintiff, was to suggest that payment of balance due on contract be delayed until the following spring, at which time certain corrections could be made and the action of the elements would determine whether or not the other items needed correction. These so-called arbitrators never viewed the premises again and never made any further orders. We do not intend to say that the amendment to the pe-

tition relative to dispute and adjustment nor the allegations of the reply, setting out the action of the so-called arbitrators, is improper pleading, but what we do mean to say is that the amended petition does not set out accord and satisfaction, nor can the reply be construed as raising an issue of arbitration.

These matters are proper as bearing on the issues under suit on the contract.

Under the pleadings, as we construe them, there was at all times an issue of substan-. tial performance of the contract.

The rule is well recognized that in actions on contract, the plaintiff, as a condition precedent, must allege and prove substantial performance. If there was substantial performance, the plaintiff would be entitled to recover the full amount claimed in the amended petition, unless, perchance, the defendant should establish by preponderance of the evidence that the last payment of $7774.00 was in full settlement.

The damage claimed in the cross petition of the defendant is based wholly upon the claim that plaintiff failed to perform in accordance with plans and specifications. If it was the jury's determination that there was substantial performance, this at once would preclude defendant from recovering. If it should be the determination of the jury that there was not substantial performance, then the question would arise as to the amount of damages. As a basis for this determination, the jury was informed as to the contract price for the entire work. They were also informed as to the amount paid by the defendant. It also appeared that the full amount of the contract price was not paid. It would therefore follow that in order for the defendant to recover on his cross petition the amount of his damages would have to exceed the balance due on the contract, if substantial performance had been made. In other words, the defendant would have the sum of $1320.00 in his hands with which to bring the work up to the standard prescribed in the contract. If this amount of money would so do, there could be no recovery. If not, then it would be the province of the jury to determine how much additional would be required to bring the work up to the condition prescribed by the parties in their contract.

As above indicated, another issue in the case is whether or not the $7774.00 paid in February 1921 was a full settlement of all differences between the parties. If so, neither would be permitted to recover.

In the trial of the case the court and counsel permitted the issues to take a very broad scope. There was no attempt to limit them to their proper sphere. This action of the court was invoked by counsel and we doubt if there is any prejudicial error by reason of the failure of the trial court to limit the issues within proper bounds.

Counsel for plaintiff in his petition in error set out ten separate specifications of error, but in their brief these are combined and restated under five headings. It shall be our purpose to follow the discussion in the brief rather than in the petition in error.

The first ground of error discussed starts on page 16 of the brief.

## ISSUE I

"The trial court should have sustained the plaintiff's motion to strike the affirmative defense and the cross petition from the defendant's answer."

It is the contention of counsel for plaintiff that the defendant should not be permitted to make a general denial following specific admissions. The case of **Converse v Panhard Motors Company, 21 N.P. (N.S.) 345-350**, and Pomeroy's Code Remedies are cited in support of this argument.

The case cited was a decision by Judge Kinkead, of the Court of Common Pleas of Franklin County. It is well known to the bench and bar that this able jurist and writer at times was very critical of the present. day tendency towards liberalities in manner of pleading. It is our conclusion that counsel in the instant case is attempting to extend the rule even beyond the pronouncement of Judge Kinkead.

We think the answer fully advised the plaintiff as to what was admitted and what denied. There is also set forth in the answer the particulars in which it was claimed that there was lack of substantial performance.

The cross petition we think complied with all requisites in setting out its claim for damages. Counsel for plaintiff insist that in view of the claim of arbitration, failure to perform could not be made the predicate in a cross petition for damages. One complete answer to this claim is that the defendant denies arbitration and a second answer we have already discussed.

We find no error in the action of the trial court in overruling plaintiff's motion to strike.

## ISSUE 2

"The learned trial court erred in permitting the defendant to amend his petition at bar."

If the trial court concluded that this was a mere clerical error, we can see no possible harm in permitting the amendment by interlineation.

Furthermore, the fact that the jury made no return in favor of the defendant on the cross petition, renders wholly immaterial the question of the amount claimed. We can see nothing prejudicial in the mere change of figures.

### ISSUE 3.

"The learned trial court erred in instructing the jury with reference to the form of verdict and with reference to the trial court's comments on the evidence that the jury might consider the $1500.00 a part of the final balance of $7774.00."

In the discussion following counsel divides the subject into two subheads. While these matters have to do with the court's charge, they are essentially separate and distinct.

Taking up No. 1, which refers to the instructions to the jury on the form of verdict, the following is quoted from the charge of the court:

"This is not a case where you can find for both plaintiff and defendant in dollars and cents; you may find for the plaintiff or for the defendant, not for both. Your finding will be either for the plaintiff in dollars and cents; or for the defendant in dollars and cents, or for neither one. If you find for neither one, there will be no compensation for either one."

We think that the court was correct in this instruction to the jury upon any possible construction of the issues raised through the pleadings, and for the following reasons:

1. Considering plaintiff's action as one on the contract (and we say it is), there could not possibly be a recovery by both. It was necessary for plaintiff to allege and prove that he substantially performed, and if he did, there would be the right of recovery and this would at once deny the right of recovery in the defendant.

If plaintiff did not substantially perform, he could not recover and under such a situation defendant could recover; but if, perchance, the amount unpaid on the original contract price would be adequate to bring the work up to the standard contracted for, there would be no recovery by the defendant. If it should take more than this balance, then there would be a recovery by the defendant.

2. If we consider the issues of accord and satisfaction or arbitration (which we do not think is the issue), there could not be a recovery by both. The principle is well recognized that when there is an accord and satisfaction it precludes further inquiry. It is equally well settled that where there is arbitration of all the matters in issue, the determination by the arbitrators is just as effective as a judgment of court.

We have indicated in earlier pages of this opinion why we do not think the issues of accord and satisfaction or arbitration are involved.

The second subhead refers to an isolated charge made by the court, apparently at the request of counsel. In effect the court stated to the jury that if they found that the $7774.00 was a full payment and settlement, that they could not find for the plaintiff.

There was some evidence supporting this contention of the defendant and particularly defendant's exhibit No. 7. This statement furnished by plaintiff, if unexplained, would unquestionably bear the construction claimed for it by the defendant. We find no prejudicial error in submitting this charge to the jury, particularly when the charge is considered as a whole.

### ISSUE 4.

"The learned trial court erred in overruling plaintiff's motion for judgment non obstanti veredicto."

In presenting this specification, counsel restate much of the argument as presented under Issue 1. In order to find for plaintiff, it would be necessary to arrive at the conclusion that under the pleadings plaintiff was entitled to a finding in his favor. We are not able to give such a construction to the pleadings. We find no error in this issue.

### ISSUE 5.

"The verdict of the jury is not supported by and is contrary to the substantial weight of the evidence."

In considering this question we are confronted with the well recognized principle that the verdict of the jury shall not be disturbed unless it is so manifestly against the weight of the evidence as to shock the conscience. A reviewing court always recognizes the fact that the jury saw the witnesses and was able to observe their demeanor on the witness stand, and thereby

they are better able to determine the credit that is to be given to the testimony of the witnesses than can a reviewing court from the cold type in the record. This same observation applies to the trial court. On a motion for new trial this same question is necessarily presented to the judge, who in this particular occupied the same position as the jurors. When both the jury and the trial judge conclude that the weight of the evidence is with one or the other of the litigants, we must reflect very seriously before disturbing it. The jury's verdict may be sustained on either of two issues; one being the claimed payment of $7774.00 in full settlement, and the other that there was a failure on the part of the plaintiff to substantially perform the contract. The evidence of plaintiff's failure in the respects set out in the cross petition are conflicting. Either or both sides might have presented cumulative evidence upon this all important question. We observe from the record that the jury viewed the premises. No doubt they were instructed that their view was not evidence and further that the purpose of the view was that they might better understand the evidence. In all probability many witnesses testified to things that the jury had seen and this possibly may have been an additional factor in determining what credit they would give.

In my judgment the verdict of the jury is not against the manifest weight of the evidence. In this conclusion my associate, Judge Hornbeck, does not agree and sets forth, in a dissenting opinion, his reasons therefor.

Judge Kunkle, by reason of sickness, is not participating.

The majority of the court agrees that there is no prejudicial error in any particulars except on the weight of the evidence, as above referred to.

Under the law there can be no reversal on the weight of the evidence unless all members of the court agree.

It therefore follows that the judgment of the court below will be affirmed, at costs of plaintiff in error. Entry may be drawn accordingly.

HORNBECK, PJ, concurs in judgment.

## DISSENTING OPINION

By HORNBECK, PJ.

I agree in the main with the opinion of Judge Barnes but differ as set forth.

Coming to the evidence, a careful read-

ing of the record is convincing almost to a degree of certainty that, after the plaintiff had completed the improvement and work to be done under the contracts, there arose a friendly dispute between the parties to the contract respecting the quality of certain work done by the plaintiff; that this dispute related to three items: (1) The condition of sod which had been laid in midsummer of 1920 at the request of defendant and the condition of which was in doubt at the time of the dispute; (2) Certain places in the roadway which had raised up and which it was the claim of plaintiff would eventually settle down and be satisfactory. (3) About 50 feet of curb which had been damaged and 500 to 600 feet of sidewalk which had cracked. It is probable from the evidence that no other disputes than those heretofore enumerated were called to the attention of the arbitrators. It is established that the arbitrators determined that $1500.00 of the total contract price due the plaintiff should be held by the defendant awaiting subsequent developments respecting the three items which were heretofore enumerated.

It was determined that the thousand dollars representative of the amount due for the placing of the sod should be held until the spring next following the award of the arbitrators and that if the sod then was satisfactory, the thousand dollars should be paid. It is true that the arbitrators did not so find but it clearly appears that the sod was properly laid; that it did come out satisfactorily in the following spring and that the plaintiff should be paid for this work under his contract. Thus, it was established that to the extent of a thousand dollars at least, the plaintiff was entitled, under a fair consideration of the evidence, to a verdict at the hands of the jury upon the prayer of the amended petition and any other determination by the jury on this subject was manifestly against the weight of the evidence. All the witnesses who testified, excepting the defendant, are agreed respecting the purpose of withholding the $1500.00 and that $1000.00 related to the sod and the defendant does not claim that the sod was not per contract but says that he understood that the $1500.00 which was the subject matter of the award was to be retained by him and considered as a credit upon the total amount due under the contract. This is given as his understanding but there is nothing save his recollection to support the claim.

Respecting the second item of the award if this alone was involved would not be

disposed to disturb the verdict of the jury, finding against the plaintiff.

As to the third item it is definitely established that the amount which the plaintiff offered to credit defendant on the contract price was the reasonable cost of full replacement of that portion of the curb and sidewalk under consideration.

As we interpret Judge Barnes' decision he is of opinion that the right of plaintiff to recover depended upon proof of his full compliance with the terms of the contracts and that, inasmuch as there was no sum in the verdict returned for the plaintiff, it is tantamount to a determination that the contracts were not substantially performed and that the difference between the sum paid plaintiff and the amount of the contract price represents the damage allowed defendant on his counter-claim.

Upon this theory, though the form of verdict would be proper, I would say that as returned it is manifestly against the weight of the evidence. But I am further of opinion that on the pleadings and especially on the evidence—and the trial was not closely confined to the pleadings—the jury could and should properly have found a sum due plaintiff upon the settlement plead in the petition, though it did not find full compliance by the plaintiff with the terms of the contracts. If this were done then, upon the counter-claim or set-off, the jury on the pleadings, though not properly on the evidence, could have found for the defendant and a form of verdict responding to the issues joined between the parties on their respective claims should have been submitted to the jury.

The form of verdict of the jury is a finding that there is nothing due the plaintiff from the defendant on his cause of action against the defendant and that there is nothing due the defendant upon his cause of action against the plaintiff. It is urged that this verdict might have been reached by a finding of a sum due the plaintiff from the defendant and a sum due from defendant to the plaintiff, the one counterbalancing the other.

I cannot take this view of the finding of the jury. It seems to bear but one interpretation, namely, that upon the claim of the plaintiff against the defendant the jury found no amount due. The form of verdict returned by the jury is proper, in part, in cases wherein there is a claim upon a petition and a counter-claim upon answer and cross petition.

The approved form is to permit a finding for a plaintiff or defendant upon issues joined on the petition and for the defendant or plaintiff upon the issues joined on the answer and cross petition and a finding of the difference in favor of one or the other. The form used in this case tests the determination of the jury as definitely as the usual form and it must be interpreted to the effect that there was a finding in no amount for the plaintiff on the issues joined on the cause of action of plaintiff. Insofar as the verdict finds that there is nothing due the plaintiff, it is manifestly against the weight of the evidence and upon that ground the judgment should be set aside and the cause remanded for a new trial.